STATE, EX REL. COUNTY OF BURT, APPELLANT, v. BURT-WASHINGTON DRAINAGE DISTRICT, APPELLEE.

FILED SEPTEMBER 27, 1919. No. 20563.

1. **Drains:** BRIDGES. When a county board and the governing board of a drainage district fail to agree respecting the building of bridges over drainage ditches on county roads, under section 2983, Rev. St. 1913, it becomes the duty of the drainage district

to construct such bridges under the supervision of the county board.

2. ——: ——: ESTOPPEL. When a county board is notified by a drainage district that it is desirous of constructing bridges over its ditches on county roads, or in any manner becomes aware of that fact, and fails to take steps to undertake the supervision of such construction, as provided in section 2983, Rev. St. 1913, and, without appropriate action on its part, permits the drainage district to build the bridges, such county board is thereafter estopped from complaining that such bridges were not built under its supervision. In that case it is sufficient if the drainage district construct good, substantial and serviceable bridges in accordance with the requirements of the statute.

APPEAL from the district court for Burt county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Herbert Rhoades* and *Brome & Ramsey,* for appellant.

*W. M. Hopewell, contra.*

DEAN, J.

This is a mandamus proceeding begun by plaintiff against the defendant drainage district to compel it to reconstruct certain bridges erected by it over its ditches on county roads in Burt county, on the ground of defective construction. Judgment was rendered in favor of defendant, and the suit was dismissed, but without prejudice to the bringing of a new action as to two bridges, "should later developments render the commencing of such an action necessary." The court also by its decree ordered the defendant to construct one new bridge, and to perform certain work, such as filling and the like, at certain other bridges. The plaintiff appealed.

Plaintiff argues: "The main issue involved in this appeal is the question whether or not the defendant drainage district has the right under the law to determine for itself the kind of bridges it will construct on the highway over its ditch, the length of the bridges, and the material of which they shall be constructed, and enter into a contract with a bridge company to con-

struct bridges of the material and in the manner design-
ed by it, or whether the general plans and specifications
required by law, to be furnished to the county by the
state engineer and adopted by the county, must be
followed, and whether or not real supervision of this
work, that is, the determination of the length and width
of the bridges that are to be built, and the manner in
which they shall be anchored or fastened to the bank on
either end, are matters to be determined in the first
instance by the county board.''

Twenty or more of the bridges in Burt county were
complained of in the petition as being defective, but on
appeal complaint is made here of only three. Roy Towl,
engineer for the drainage district, testified that the
bridge superstructures were built from plans and
specifications obtained from the state engineer, and that
the substructure plans were designed by him, because
at that time the state engineer had no such plans. It
seems though that Towl consulted the state engineer
respecting the substructure plans.

The county board was notified by the drainage dis-
trict that it intended to erect the bridges, but the
board neither furnished nor offered to furnish plans or
specifications. The district also, before the work began,
requested the county board to supervise the construc-
tion of the bridges, but for some reason the board did
not do so, whereupon the drainage district proceeded
with the work.

Section 2983, Rev. St. 1913, provides: ''Whenever any
public drainage or irrigation district organized under
any law of this state has in the past excavated, or shall
in the future excavate any ditch, or any new channel
of any running stream, across the then existing public
highway, it shall be the duty of the governing board of
said drainage or irrigation district and the governing
board of the county or municipal corporation involved,
to negotiate and agree for the building and maintaining
of bridges and approaches thereto on such terms as shall
be equitable.  *  *  *  In (if) said boards for any rea-

son fail or neglect to agree with reference to said matter, then it shall be the duty of said drainage or irrigation district to restore said highway, when so crossed or intersected, to its former state as near as may be, or in a sufficient manner not to have impaired unnecessarily its usefulness, and it shall be the duty of the county or municipal corporation involved, as the case may be, to maintain said bridge and approaches after the same have been built by said drainage or irrigation district: Provided, however, any bridge that may be built by any drainage or irrigation district on any county road shall be constructed under the supervision of the county board and in accord with the established plans and specifications of said county board.''

The governing board of the drainage district and the county board for some reason failed to reach the agreement that is contemplated by the act. As therein provided it then became the duty of the drainage district to construct the bridges. It clearly appears, too, that under the act the county board has the right to supervise the construction of bridges over drainage ditches on county roads. But if the county board, after having been notified by the drainage district that it is desirous of constructing such bridges, does not take steps to undertake the supervision of construction that the statute contemplates and, without appropriate action on its part, permits the drainage district to proceed with such construction, such county board, after the bridges are built, is estopped from complaining that they were not built under its supervision. In such case it is sufficient if the drainage district construct good, substantial and serviceable bridges in accordance with the requirements of the statute.

One of the three bridges complained of was built by the county ,and for its condition defendant is not responsible. Respecting the remaining two bridges, and the work performed generally by defendant, we are unable to discover that the court erred in its findings.

The trial court not only heard the witnesses testify but, in company with counsel for the parties, personally examined the bridges and inspected the work generally. The court's findings are clear and explicit and fairly cover every contested feature of the case.

We do not find reversible error. The judgment is therefore

AFFIRMED.