DAWSON COUNTY, APPELLEE, V. DAWSON COUNTY IRRIGATION COMPANY, APPELLANT.

FILED JANUARY 17, 1920.    No. 20623.

1. **Drains: BRIDGES ON HIGHWAYS: DUTY TO MAINTAIN.** It is the duty of the owners of irrigation canals or ditches to construct and keep in repair bridges on highways crossed by their ditches or canals.

2. ————: ————: REPAIRS. If the owner of the canal refuses to repair, when notified by the county authorities, the county may proceed to repair, and is entitled to recover the reasonable cost of the repairs from the owner.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*E. A. Cook* and *W. M. Cook,* for appellant.

*N. M. York, contra.*

LETTON, J.

The defendant is a corporation operating an irrigation system in Dawson county. It built a number of highway bridges over its canals and ditches. In the course of time some of these bridges became out of repair. The county requested the irrigation company to repair them, but it refused, on the ground that it was under no obligation so to do. The county authorities then caused the bridges to be repaired, and brought this action to recover the cost of the repairs. The district court rendered judgment for the county. Defendant appeals.

There is no dispute about the facts. The only question is whether it is the duty of the irrigation company or the duty of the county to repair and maintain the bridges.

The irrigation act of 1895 (Laws 1895, ch. 69) contained a special provision with regard to the erection and maintenance of bridges over irrigation ditches and canals. It provided that irrigation companies should erect bridges, that "thereafter such bridge or bridges shall be controlled and maintained by the county." Section 58.

There was then in force another statute which required the owners of railroads, canals or ditches to maintain and keep in repair good and sufficient crossings on all public or private roads crossed by railroad or canal necessary to enable the road to pass over or under any highway. In *State v. Farmers & Merchants Irrigation Co.*, 59 Neb. 1, it was held that that portion of the act of 1895 which relieved irrigation companies from maintaining and keeping in repair bridges across their canals was special legislation, and therefore unconstitutional.

The general act applying to owners of railroads, canals and ditches was amended in 1913, so as to make it apply to railroads only, so that at the present time there is no statute providing that irrigation companies, mill owners, or any others, cutting or crossing a highway with canals or ditches, shall keep the crossing in repair.

Section 3446, Rev. St. 1913, now in effect, provides that "any person, company, corporation or association constructing any ditch, lateral or canal upon or across any highway shall keep such highway open for safe and convenient travel," and further provides in detail the dimensions and character of the bridges to be constructed.

The appellant contends that because there are general provisions in the statutes requiring counties to keep highways and bridges in repair, and there being no statute making it the duty of canal companies to do so, it is the duty of the county to maintain the bridges erected by the canal company. The county takes the position that, there being no statute applicable, the common law applies.

We are inclined to the view that the provisions in section 3446, Rev. St. 1913, that any one constructing a ditch, lateral or canal across a highway, "shall keep such highway open for safe and convenient travel," impliedly require the repair of bridges upon such highways to be made by the owner of the canal or lateral. But, without regard to this statute, we are of the opinion that, in the absence of a specific statute, the common law applies.

*Franklin County v. Wilt & Polly*, 87 Neb. 132; *State v. Papillion Drainage District*, 89 Neb. 808; *Richardson County v. Drainage District*, 92 Neb. 776, 779.

Sections 2956, 2960, Rev. St. 1913, providing for the repairing of bridges by counties, have no reference to bridges across such canals or ditches. The provisions of the statute with respect to emergency repairs to county boards apply in so far that the county is required to act promptly. It should do so through notification to the canal owners, if quick action can be best had in that manner, or directly if necessary for the safety of the public, it being the duty of the county authorities to take all necessary steps to prevent accidents upon the roads and bridges. The judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.