STATE, EX REL. COUNTY OF DAWSON, APPELLEE, V. DAWSON
COUNTY IRRIGATION COMPANY, APPELLANT.

FILED JANUARY 22, 1934. No. 28860.

*Cook & Cook,* for appellant.

*T. M. Hewitt* and *York & York, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and
PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

GOOD, J.

This is a proceeding in mandamus to compel respondent
to repair certain bridges, constructed by it over its irri-
gation ditches and laterals where they intersect and cross
public highways in Dawson county. Relator was given
the relief it sought. From the judgment granting that
relief respondent has appealed.

The facts are not in dispute. The controversy hinges
on the validity of section 46-619, Comp. St. 1929. Re-
spondent contends that said section relieves it of the duty
of keeping the bridges in question in repair and safe for
public use, and that the duty to make such repairs rests
upon relator.

Relator concedes that, if said section 46-619 is valid,
then the obligation to keep the bridges in repair and safe
for public use rests upon it and not upon respondent, but

contends that said section is invalid because it violates section 14, art III of the state Constitution, in that the title to the act, of which said section is a part, contains more than one subject, and that the subject is not clearly expressed in the title; that the act is broader than its title and, as an amendatory act, is not germane to the original sections sought to be amended; that it violates section 18, art. III of the state Constitution, in that it constitutes special legislation. It is also alleged that it violates other provisions of the state and federal Constitutions, which, in view of the conclusion hereinafter stated, it will be unnecessary to consider.

Section 46-619, Comp. St. 1929, in its present form, was enacted as section 2, ch. 143, Laws 1927. The title to this act reads: "An act to amend section 8459, Compiled Statutes of Nebraska for 1922, as amended by section 1, chapter 132, Laws of Nebraska for 1925, and to amend section 8469, Compiled Statutes of Nebraska for 1922, relating to irrigation and drainage, providing that no ditch or canal shall be closed from May 1st to October 1st in each year; providing that from November 1st to April 1st of the succeeding year diversion for filling storage reservoirs shall have preference over diversions for direct irrigation; providing that counties or municipal corporations, as the case may be, shall maintain bridges on highways crossing irrigation ditches; and to repeal said original section as amended."

Prior to this enactment the statutory law of the state imposed upon irrigation companies and owners of millraces, whose waterways cross public highways, the duty of building and maintaining bridges over their ditches, laterals, canals and raceways. In *Dawson County v. Dawson County Irrigation Co.*, 104 Neb. 137, this court held: "It is the duty of the owners of irrigation canals or ditches to construct and keep in repair bridges on highways crossed by their ditches or canals." The decision was based upon section 3446, Rev. St. 1913, which is in almost identical language with that contained in section

8469, Comp. St. 1922, which is sought to be amended by chapter 143, Laws 1927. The statutory imposition on irrigation and drainage districts and irrigation companies to build and maintain bridges over their irrigation canals and ditches, where they intersect and cross public highways, is merely declaratory of the common law, as was held by this court in *Richardson County v. Drainage District*, 92 Neb. 776.

It will be observed that the title to the act of 1927 provides for counties or other municipalities to maintain bridges over highways crossing irrigation ditches, but does not refer to drainage ditches, mill-races or other artificial waterways which may be constructed across public highways. In the body of the act the language is perhaps sufficient to cover all of these, but it must be borne in mind that the scope of a legislative act and its force and effect are limited by its title. If the act is broader than its title, then, to the extent that it goes beyond the scope of its title, it is invalid. This rule is so well established that citation of authorities to sustain it is not deemed necessary. Then, it must be held that chapter 143, Laws 1927, can operate, if at all, only to impose upon counties or municipalities the burden of maintaining bridges over irrigation ditches.

While it has often been held by this court that the legislature may classify objects and persons for the purpose of legislation, the classification must rest upon some reasonable basis. It must appear that the classification rests upon some difference of situation or circumstances which, in reason, calls for distinctive legislation for the class. The class must have a substantial quality or attribute which requires legislation appropriate or necessary for the particular class, but which would be inappropriate or unnecessary for those without the class. *State v. Bauman*, 120 Neb. 77, and cases there cited.

Why irrigation companies should be relieved of the burden of maintaining bridges over their canals, ditches and laterals, while drainage districts, mill-race owners and

other persons or companies, constructing ditches or artificial waterways across highways, are required to maintain them, is not apparent.

We think the present case falls squarely within the rule laid down in *State v. Farmers & Merchants Irrigation Co.*, 59 Neb. 1, wherein it was held: "Section 58, article 2, chapter 93a, Compiled Statutes, 1897, which assumes to exempt irrigation companies from the operation of the general law requiring railroad corporations, canal companies, etc., to erect and maintain bridges and crossings on the highways where their roads, canals or ditches cross such highways, is special legislation, and, being in violation of the Constitution, is void." In the body of the opinion it was said (p. 3) : "The respondent contends that the section quoted, so far as it relates to irrigation companies, was impliedly repealed by chapter 69, Session Laws of 1895. * * *

"The rule established by the authorities is that while it is competent for the legislature to classify, the classification, to be valid, must rest on some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects classified. * * *

"Applying now to the case before us the test suggested by the authorities cited, it seems perfectly plain that section 58 of the irrigation act cannot be sustained without disregarding entirely the constitutional interdict against special legislation. Prior to 1895 all owners of ditches crossing highways were charged by section 110 of the road law with the duty of keeping public bridges across their ditches in repair. The legislature, by section 58, assumed to exempt irrigation companies from this burden, while leaving all other ditch owners still subject to it. Upon what ground can this classification be justified? Why should these companies be put in a class by themselves and be given immunity from the burdens which all others, under similar conditions, are required

to bear? Their ditches are not, by the section in question, segregated from other private ditches on account of any peculiar characteristics which they possess. The legislation is manifestly as appropriate to the class excluded as to the class included; and the only reason we can discover for diverse legislation with respect to them is the arbitrary and insufficient one of ownership."

We are of the opinion that the act of 1927, as limited by its title, constitutes special legislation and is inhibited by section 18, art. III of the Constitution.

Counsel for respondent cite and rely upon *Franklin County v. Wilt & Polly*, 87 Neb. 132. In that case the fee owner of land constructed a mill-race upon his own land in 1873. Seven years later a highway was laid out so as to intersect said raceway. The county constructed a bridge over the raceway and later it became out of repair, and the county sought, by mandamus, to compel the owner of the mill-race to make the repairs. In the opinion it was said (p. 135): "But if the highway is laid out over an artificial waterway theretofore constructed, the proprietor of the canal, unless bound by the terms of a franchise or private contract, is under no duty to construct or repair a viaduct in the highway and over the waterway." In that opinion it was further said: "Independently of the statute, the miller's liability in case his raceway crosses a highway laid out before the raceway is constructed is well established. In that event he should reunite the way by the construction of a bridge and thereafter keep it in repair." In the instant case, the irrigation ditches and laterals were constructed after the highways were laid out. That case is, therefore, not applicable to the situation presented by the record.

A railway company may be required to build and maintain crossings where the railroad is intercepted by a highway, even though the highway is laid out after the railroad is constructed. *State v. Chicago, B. & Q. R. Co.*, 29 Neb. 412. The decision in that case is buttressed upon the police power of the state. Such burden is imposed

on railway companies for the protection of the public, without regard to the time when the highway was laid out.

Error prejudicial to respondent has not been shown. It follows that the judgment of the district court should be and is

AFFIRMED.