PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT, A PUBLIC CORPORATION, APPELLANT, V. COUNTY OF LINCOLN, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

79 N. W. 2d 61

Filed November 2, 1956. No. 34008.

*Crosby, Crosby & Nielsen* and *Robert H. Beatty,* for appellant.

*James G. McIntosh* and *Baskins & Baskins,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The objective of this action is to secure a declaratory judgment determining and declaring the rights, obligations, and relationships of the parties in reference to the construction, maintenance, and repair of bridges which have been erected and maintained by appellant at locations where drainage ditches excavated, maintained, and owned by it, or that may be excavated and owned by it in the future, intersect and cross county highways.

The allegations of appellant necessary to be here stated are as follows:

Appellant is a public corporation and a political subdivision of the State of Nebraska organized by virtue of sections 70-601 to 70-679 of the Revised Statutes of Nebraska, 1943. Appellees are respectively the County of Lincoln and the members of the board of commissioners of that county. Land along and in the area of the works of appellant became seeped and waterlogged because of the operation and maintenance of its works and it became desirable and necessary to the proper continuance of the works and the reclaiming of the

areas affected by seepage waters which escaped from the works of appellant to construct ditches to drain away the excess waters. The construction and operation of the ditches required that they cross county highways in Lincoln County and that they have bridges built over them at their intersection with the highways. Appellant constructed nine bridges over its drainage ditches at their intersection of highways in the county during the period commencing with the year 1936 and continuing through the year 1951. They complied with the approved plans for bridges as prepared by the State Engineer of Nebraska. The bridges have been since their original construction maintained, repaired, and, in some instances, rebuilt and replaced by the district and they were being so maintained December 14, 1954, when this litigation was instituted. A statute of the state makes it the duty of the county board and the governing body of a public irrigation district involved to enter into an agreement by negotiation for the construction and maintenance of such bridges and the approaches thereto; but if for any reason the boards fail to agree, it is the statutory duty of the irrigation district to build bridges and restore the highway where it is intersected by a ditch to its former state as nearly as may be and it is then the duty of the county involved to maintain the bridges and the approaches. The bridges were built by appellant with the knowledge and consent of the county but without an agreement with it although repeated unsuccessful efforts were made to obtain such an understanding. Appellant has maintained the bridges contrary to the statutory duty imposed on the county in that regard. The bridge designated No. 3-0.56 was in unsatisfactory condition and required repair and replacement. Representatives of appellant had repeated conferences with the county board concerning it but were unable to make an agreement for its repair and replacement. Appellant made and delivered to the county board April 26, 1954, a proposal that appellant would at

its expense promptly replace the bridge with a new one in accordance with the applicable statute and would on completion thereof tender the new bridge to the county for its acceptance and future maintenance. Appellant requested acceptance and approval of the proposal by the county and obligated itself when this was done to proceed at once with the building of the new bridge. The county board took no action on the proposal. Appellant made temporary repairs on the bridge and on May 3, 1954, advised the county board in writing that it would at once make repairs on and replacement of the bridge as the statute provided and that the bridge when completed would be tendered to the county for its acceptance and future maintenance and repair.

The answer of appellees contains the following:

An admission that appellant is a political subdivision of the state as alleged by it; that Lincoln County is a municipal corporation; that the individuals made parties are members of the board of county commissioners of Lincoln County; that appellant constructed the bridges referred to by its petition and it has maintained, repaired, and replaced them and is continuing to so act in reference to them; and that Lincoln County has refused to accept the bridges or to maintain, repair, or replace them or any of them. A denial of any liability to repair, replace, or maintain the bridges. The assertion that it is the statutory duty of appellant when it excavated a ditch across a public highway of the county to construct, maintain, and keep in repair a bridge across the ditch as a part of the highway; that appellant is not a public drainage district or a public irrigation district and is not within the terms or provisions of section 39-805 of the Revised Statutes of Nebraska, 1943; that appellant is not authorized by law to drain land affected by water that escapes from its works; that appellant is primarily a public power institution; that its works are used for the generation of electricity and not for irrigation or drainage purposes; and that to permit

appellant the benefit of section 39-805 would be a violation of Article III, section 18, of the Constitution of Nebraska. Appellant denied the statements of the answer inconsistent with its petition.

The findings of the trial court were favorable to appellees. A judgment of dismissal of the case was rendered. This appeal is from that adjudication.

The bridges involved in this case are across ditches of appellant at the places where they intersect with and cross county highways. The ditches were constructed by appellant to drain land between its canal and the river affected by seepage waters from the supply canal of appellant. The ditches also collect and discharge other underground water and surface water. The water collected by and which flows through the ditches is discharged in the river and is not returned to the works of appellant.

The bridges were designed, plans for them were made by, and they were constructed under the supervision of engineers of appellant who were acting for it. The material and labor for their construction were furnished by appellant. The design and plans of the bridges complied with the requirements made and approved by the Department of Roads and Irrigation of the state as to the construction of bridges of the type built by appellant. The first one of the nine bridges involved in this case was constructed in the year 1936. The others were built in subsequent years to and including 1951. There is much said in the record concerning a proposal in 1954 to replace one of the bridges by the construction of a new bridge at the location of the existing one but there is no allegation or proof that this was done. In Ritter v. Drainage District No. 1, 148 Neb. 873, 29 N. W. 2d 782, this court said the following concerning a similar situation: "As a matter of fact, then, it will be observed that the duty of the county to maintain the bridge and approaches involved is not presented for de-

cision in this case, since the drainage district has not yet constructed the same."

The bridges were from the time of their completion maintained, repaired, rebuilt, and replaced by appellant. This was true until the time of the commencement of this case December 14, 1954. The record does not show that appellees or either of them had notice or knowledge that any of the bridges were to be built, the location, or the construction of them. There is a failure of proof of any attempt of negotiations by the board of directors of appellant with the county board for the purpose of seeking an agreement as to the building and maintenance of the bridges. It is not shown that there was any attempt to negotiate or agree in this regard. There is no proof of any request by appellant that the county by its board of commissioners participate in any respect, manner, or degree in the location of, the plans for, or the supervision of the construction of any of the bridges. There is no showing that the county has by its board of commissioners taken any affirmative action in reference to any of the bridges.

The relevant parts of section 39-805, R. R. S. 1943, are: "Whenever any public highway within this state shall cross or be crossed by any ditch * * * of any public * * * irrigation district it shall be the duty of the governing board of the * * * irrigation district and the governing board of the county * * * to negotiate and agree for the building and maintenance of bridges and approaches thereto on such terms as shall be equitable, all things considered, between such * * * irrigation district and such county * * *. If such boards for any reason shall fail to agree with reference to said matter, it shall be the duty of the * * * irrigation district to build the necessary bridges and approaches, and restore the highway in question to its former state as nearly as may be as it was laid out prior to the construction of the ditch * * * in question, and it shall be the duty of the county * * * to maintain said bridges and approaches;

* * *.  Any bridge that may be built by any * * * irrigation district * * * under the provisions of this section, shall be constructed under the supervision of the * * * county board * * * if under the jurisdiction of such board * * *."

The statute in the respect that it obligates a county to maintain a bridge constructed by a public irrigation district over a ditch which crosses a public highway is contrary to the common law and must be strictly construed.  It was at common law the duty of the county to build and maintain bridges.  However, if the highway was crossed or disturbed for any purpose by other than the highway authorities, it was the obligation of those interfering with the road to restore it.  Richardson County ex rel. Sheehan v. Drainage District, 92 Neb. 776, 139 N. W. 648, 43 L. R. A. N. S. 695, Ann. Cas. 1914A 546; State ex rel. County of Dawson v. Dawson County Irr. Co., 125 Neb. 836, 252 N. W. 320.  A statute does not make a change in the common law other than that which is clearly expressed in it.  Strauel v. Peterson, 155 Neb. 448, 52 N. W. 2d 307.

The statutory provisions recited above must be interpreted and applied strictly in favor of the County of Lincoln and against appellant.  The latter may enjoy no advantage from them unless it has strictly satisfied the conditions of the statute or unless the county has estopped itself from exacting full compliance therewith.  The statute plainly requires the governing bodies of the respective entities involved to negotiate and agree as to the construction and maintenance of any bridge within reach of the statute.  The words therein "for any reason shall fail to agree" contemplate a failure of negotiations had between parties in a good-faith attempt to agree and not a failure to negotiate.  It is self-evident that there can be no failure to agree without an attempt to do so or, as the statute says, to negotiate.  The good-faith negotiation that the statute exacts is intended to be had before there is any construction.  This is con-

vincingly apparent by the language that any bridge built on a county highway shall be under the supervision of the county board. A conclusion that the language if such boards shall fail to agree dispenses with negotiations in good faith to agree would make meaningless that part and mandate of the statute that they must negotiate and agree if possible and it would disregard the firmly established doctrine that effect must if possible be given to every part of a statute and that no part thereof will be rendered inoperative or futile. Ledwith v. Bankers Life Ins. Co., 156 Neb. 107, 54 N. W. 2d 409; Ewert Implement Co. v. Board of Equalization, 160 Neb. 445, 70 N. W. 2d 397.

This court considered a statute on the subject of eminent domain which contemplated that the owner of real estate and the person who desired to acquire it for a public purpose must attempt to agree on the price for the purchase of it as a condition of the commencement of proceedings to condemn the real estate desired to be taken. It was in that litigation determined that a failure of the condemner to attempt to agree with the landowner before commencing condemnation proceedings was a jurisdictional defect and a bar to the prosecution of the proceedings to condemn. Higgins v. Loup River Public Power Dist., 157 Neb. 652, 61 N. W. 2d 213; Higgins v. Loup River Public Power Dist., 159 Neb. 549, 68 N. W. 2d 170. In the latter case the court said: "If a statute requires that, prior to the institution of condemnation proceedings, attempt to agree with the owner must first be made, such provision is mandatory, and condemnation proceedings are void in case no attempt is made, before beginning them, to come to an agreement with the owner. * * * In order to satisfy statutory requirement of attempt to agree with the owner prior to the institution of condemnation proceedings, there must be a good faith attempt to agree, consisting of an offer made in good faith and a reasonable effort to induce the owner to accept it." The obligation imposed

by the statute in that instance does not appear to be more binding than the statutory duty applicable to this case that the parties involved must negotiate and if possible agree as to the construction and maintenance of bridges before there can be any liability fastened on the county to maintain them. There is no proof of an attempt to negotiate concerning the construction of the bridges involved by the board or any representative of appellant and the county commissioners of Lincoln County. Any bridge built on a county highway by virtue of the provisions of the statute, section 39-805, R. R. S. 1943, must be constructed under the supervision of the county board. It is conclusive in this case that this was not complied with but that the bridges that were constructed were designed, planned, and constructed by and under the supervision of engineers of appellant acting for it. Mandatory provisions of the statute were ignored and they cannot be applied to relieve appellant from the obligation to repair and maintain the bridges.

Appellant urges the court to accept State ex rel. County of Burt v. Burt-Washington Drainage Dist., 103 Neb. 763, 174 N. W. 316, as decisive of this cause. It is distinguishable from this case. The facts therein were that the county board of Burt County was notified by the drainage district that it was required and desired to erect bridges. The board did nothing. The district, before any work on the bridges was done, requested the county board to supervise the construction of the bridges but it would not and did not do so. There are no comparable facts shown in this case. There is no fact developed in this case on which an estoppel against the county could be sustained.

Henneberg v. County of Burt, 160 Neb. 250, 69 N. W. 2d 920, is strongly relied upon by appellant. The facts considered in that case were that the drainage district about 1916 constructed a bridge over one of its ditches at a location where it crossed a county road. The county

accepted and maintained the bridge until 1952 when it was partially destroyed by a flood. The county voluntarily removed the remnants of the bridge and installed a metal pipe where the bridge had been. The district had no part in and was not consulted concerning this. Later the county removed the pipe and installed a larger one but its capacity was not sufficient to accommodate the passage of all water that could reasonably be expected to be transported to the pipe. It was concluded from these circumstances that the county was obligated to maintain a proper bridge at that location and was liable for any default therein. The facts distinguish that case from the present one.

The conclusion is that appellant failed to comply with the provisions of section 39-805, R. R. S. 1943, in the construction of the bridges involved in this case and that the judgment of the district court to the extent that it dismissed the action of appellant should be, because of what is said in this opinion, and it is affirmed.

AFFIRMED.