FRONTIER STEAM LAUNDRY COMPANY V. JAMES P. CONNOLLY.

FILED DECEMBER 7, 1904.    No. 13,591.

1. City Ordinance: BREACH: LIABILITY. Whether a liability arising from a breach of a duty prescribed by statute or ordinance accrues for the benefit of an individual specially injured thereby, or whether such liability is exclusively of a public character, depends upon the nature of the duty enjoined and the benefits to be derived from its performance.

2. ————: FIRE PROTECTION. An ordinance which requires the placing of fireproof shutters upon the windows of brick buildings within

a city imposes a duty for the purpose of giving to the public protection against fire which the common law did not provide.

3. ————: LIABILITY. Where in such city one is in possession of property as bailee, and it is destroyed by fire which spread from another building through windows unprotected by fireproof shutters, he is not liable for the value of such property by reason of the fact that he owned the building and that no fireproof shutters were provided as required by the ordinance.

ERROR to the district court for Douglas county: GUY R. C. READ, JUDGE. *Reversed.*

*B. N. Robertson,* for plaintiff in error.

*W. H. Herdman, contra.*

LETTON, C.

This is an action to recover the value of certain articles of personal property which had been delivered to the plaintiff in error, the Frontier Steam Laundry Company of the city of Omaha, for the purpose of being laundered, and which were destroyed by fire which spread to the premises of the steam laundry company from an adjoining building. The delivery of the goods to plaintiff in error for the purposes claimed is admitted by the pleadings, but the plaintiff in error asserts that it exercised due care and caution in the possession and preservation of the property, and that without its fault or negligence a fire which originated on the adjoining premises spread to its premises and destroyed the goods. It denies that it is responsible for the fire, or that it has been guilty of negligence in any manner in the care of the property. A paper marked "Reply" found among the files does not appear to have been filed, but since at the time of the trial leave was given to file a reply, and since the court in its instructions treated the issues as if this paper had been filed, we will consider the case as if the issues had been made up by the filing of the reply. The reply alleges that the negligence charged consisted in this: that the premises were

within the fire limits of the city of Omaha, that the buildings had windows within 40 feet of each other which were not covered by fireproof doors or shutters, as required by ordinance No. 4858 of the city of Omaha; that, by reason of the defendant's failure to cover said windows with fireproof shutters, the fire entered the defendant's premises and destroyed the plaintiff's property; that the fire entered only through the windows, and that, had the windows been covered with fireproof shutters, the fire would not have entered, and the goods of the plaintiff would not have been destroyed.

It may be questioned, under the evidence in this case, whether or not the ordinance which was introduced in evidence and which provided that fireproof shutters should be placed on the windows of brick buildings was of any force or effect as against the plaintiff in error, since the building appears to have been constructed long prior to the passage and approval of the ordinance, and it being penal in its nature could not be retroactive in its effect. This question, however, has not been distinctly raised in the case, and will not be decided. Assuming then that the ordinance was effective as to the premises, it remains to be seen whether or not a violation of its provisions constituted such negligence on the part of the plaintiff in error as would make it liable to persons whose goods were in its custody as bailee, and were destroyed by fire communicated through the unprotected openings. The only remedy provided by the ordinance for a breach of its provisions is a penalty of not less than $10 nor more than $100. It may be said that generally the penalty provided for a breach of the condition of an ordinance is the only one recoverable, but there is a further principle which is applicable in such cases, and that is that evidence of the violation of an ordinance usually tends to show actionable negligence where the consequences have ensued from its violation which are contemplated by the ordinance. *Omaha Street R. Co. v. Duvall*, 40 Neb. 29. Wherever a statute or ordinance creates a duty or obligation, though

it does not in express terms give a remedy, the remedy which is properly applicable to that obligation follows as an incident, but whether a liability arising from the breach of a duty prescribed by a statute or ordinance accrues for the benefit of an individual specially injured thereby, or whether such liability is exclusively of a public character, must depend upon the nature of the duty enjoined and the benefits to be derived from its performance. *Taylor v. Lake S. & M. S. R. Co.*, 45 Mich. 74; *Hayes v. Michigan C. R. Co.*, 111 U. S. 228, 240; 2 Cooley, Torts (3d ed.), 658; *Cook v. Johnston*, 58 Mich. 437, 25 N. W. 388. If the duty imposed by the ordinance is clearly intended for the protection and for the benefit of individuals or of their property, the violation of the rule prescribed tends to show negligence for which a recovery may be had; but where the duty is plainly for the benefit of the public at large, then the individual acquires no new rights by virtue of its enactment, and a violation of the rule is of no evidential value upon the question of negligence. It is not always easy to draw the line between the two classes of enactments. In fact, in some cases their purpose is both for the welfare of the public at large and also for the protection of the personal and property rights of individuals. In such case the individual may adduce the failure to perform the duty enjoined as evidence of negligence. The rule which is applicable can only be ascertained from a consideration of the object and purpose of the enactment itself in each particular case.

What then is the purpose of the enactment of the section under consideration? Is it for the benefit of the public at large, for the public safety, or is it for the benefit of persons whose property may be burned in buildings not provided with fireproof shutters? We are satisfied that the purpose of section 53 of the ordinance which requires the erection of fireproof doors and shutters upon brick buildings within the city is to protect the general public against the spread of fire. A fire which may inflict but a small amount of damage when confined to the place

of its origin, if allowed to spread, increases in intensity as it continues its career, and may, unless seasonably checked, inflict incalculable damages upon individuals and upon the public at large. The safety of life and property in large cities demands such precautions against the spread of flames as the ordinance requires. Ordinances prescribing such safeguards and protective appliances are everywhere upheld as a proper exercise of the police power of the municipality, exercised for the safety of the people and the preservation of their property. Their purpose, while it may incidentally benefit the individual who is required to thus safeguard his building, is for the benefit and safety of the public at large. They are not enacted primarily for the purpose of preserving buildings endangered by fire to the owners thereof, for, if a man neglects to protect his own property from fire, or if he chooses to destroy it himself, it is not the concern of the lawmaking power, so long as in so doing he does no act which affects the rights and privileges of other persons; nor are they enacted to make the owners of buildings who neglect to comply with such provisions liable for the loss by fire which may have spread to such buildings of the property of other persons contained therein. Under the view we take of the purpose of this portion of the ordinance, no liability attaches to the plaintiff in error on account of the destruction of the property, the value of which it is sought to recover in this action.

For these reasons, we recommend that the judgment of the district court be reversed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.

SEDGWICK, J., dissenting.

It is, and without doubt correctly, considered in the opinion that we are committed to the rule declared in

*Omaha Street R. Co. v. Duvall*, 40 Neb. 29, that the viola-
tion of any statutory or municipal regulation, established
for the purpose of protecting persons or property from
injury, is evidence of negligence, when the other elements
of actionable negligence concur. It is said in the opinion:
"If the duty imposed by the ordinance is clearly intended
for the protection and for the benefit of individuals or of
their property, the violation of the rule prescribed tends
to show negligence for which a recovery may be had, but
where the duty is plainly for the benefit of the public at
large, then the individual acquires no new rights by virtue
of its enactment, and a violation of the rule is of no evi-
dential value upon the question of negligence." It is also
said: "In some cases their purpose is both for the wel-
fare of the public at large and also for the protection of
the personal and property rights of individuals. In such
case the individual may adduce the failure to perform the
duty enjoined as evidence of negligence." So that the hold-
ing in this case is that to protect the personal and property
·rights of individuals is no part of the object of the
ordinance. To this proposition I cannot agree. The opin-
ion finds the object of the ordinance to be "for the benefit
of the public at large," that is, for the public safety, and it
is directly stated in the opinion that "the purpose of sec-
tion 53 of the ordinance which requires the erection of
fireproof doors and shutters upon brick buildings within
the city is *to protect the general public against the spread
of fire.*" To protect the general public against the spread
of fire is to protect the property of the people of the city
generally from destruction by fire, and if the object is to
protect the property of all of the people of the city, it cer-
tainly must be a part of the object to protect the property
of each individual citizen.

2. While some of the principles announced, and the
reasoning from which they are derived, seem to me to be
wrong, the conclusion may, I think, be justified upon
another ground. An ordinance, the effect of which may
be to place so great a responsibility upon a citizen, and

which is penal in its nature, must be strictly construed. It ought not to be held to apply to buildings erected before its enactment unless its language plainly compels such a construction. The ordinance provides: "All brick buildings, except dwelling houses, schoolhouses, churches, and all strictly fireproof buildings, shall have fireproof shutters on every entrance on the rear walls and courts, with openings within 40 feet of each other; such shutters to be constructed to the satisfaction of the building inspector and chief of the fire department." This language might possibly be construed so as to apply to buildings constructed before its enactment, if it were not for the plain language of the title of the ordinance, which must be construed with it, and which seems to limit its effect to buildings constructed after its enactment. It is entitled "An ordinance regulating the construction of buildings and providing penalties." I do not think that the provisions of this ordinance could be so extended by construction as to impose a penalty, and such severe consequences for a failure to protect with iron shutters the windows of buildings that had already been constructed when the ordinance was enacted.