Emil J. Strahl, appellee, v. Rome Miller, appellant.

Filed March 13, 1915. No. 18,021.

1. **Inkeepers: Injury to Guest: Liability.** An innkeeper is not an insurer of the safety of his guest; but he is bound to exercise reasonable care for the comfort and safety of the guest while in his hotel, and if the guest is injured through the negligence of the innkeeper or his employees the innkeeper is liable therefor.

2. **Constitutional Law: Innkeepers' Act.** The act of 1883 (laws 1883, ch. 47), known as the "Nebraska Hotel Act," does not contravene the provisions of the fourteenth amendment to the constitution of the United States, or deprive an innkeeper of life, liberty or property without due process of law, and is a valid enactment.

3. **Innkeepers: Injury to Guest: Right of Action.** This act confers upon a guest at a hotel the right to maintain a cause of action against the proprietor for injuries received through the negligence of the proprietor or his servants.

4. Instructions given by the court, when construed together, found to properly state the law applicable to the evidence.

Appeal from the district court for Douglas county: Charles Leslie, Judge. *Affirmed.*

*John C. Wharton* and *Edgar M. Morsman, Jr.,* for appellant.

*John A. Moore, H. S. Daniel* and *Brome & Brome,* contra.

Morrissey, C. J.

Appellee, Emil J. Strahl, January 22, 1911, became a guest at the Millard Hotel in Omaha; the hotel being owned by appellant, Rome Miller. The building was five stories high, and had more than fifty rooms, and was not of fire proof construction. Appellee was assigned to room 404, which was on the fourth floor of said hotel, and retired about 10:30 p. m. During the night a fire occurred in the hotel, and appellee undertook to escape by means of a rope fire escape, and in doing so suffered bodily in-

juries. He brought this suit in the district court for Douglas county against the proprietor of the hotel, alleging that while he was a guest at said hotel a fire broke out therein, and that by reason of the negligence of defendant and his employees it was not properly discovered or controlled, and that a portion of the hotel was burned; that the halls were filled with smoke and gases endangering the lives of the guests and inmates; that appellant and his employees failed and neglected to awaken or give notice to the appellee of the existence of the fire; that appellant failed and neglected to maintain a competent night watchman for watch service; that said hotel was not properly patrolled, examined or inspected for the purpose of guarding against fire and safeguarding the lives of the guests, and that the employees of the appellant neglected and carelessly failed to be at their posts of duty, etc.; that the appellant was guilty of negligence, in that he did not maintain an efficient or sufficient system of fire gongs for arousing guests in case of fire, and that he did not, as soon as the fire was discovered, ring or cause to be rung the fire gong on the floor on which appellee was sleeping, nor did he ring or cause to be rung a telephone in the room occupied by appellee, or in any way awaken or arouse appellee to notify him of the existence of the fire, nor did he give or cause to be given to appellee information as to the location of the stairways leading from the fourth floor, and that the hotel was not equipped with a sufficient number of stairways, and that appellant was negligent in failing to operate the elevator leading to and from the fourth floor, and in refusing to respond to plaintiff's demand to be removed from said floor, and in failing to have any light, sign or notice indicating the location of the elevator; that appellee's room was equipped with a rope fire escape, which appellant represented could be used in escaping from said room in case of fire, and that said fire escape was too small and was insufficient for this purpose, and that appellant negligently failed to give appellee proper directions for the use of said rope fire escape; that by reason of the said negligence of appellant he has been damaged in the sum of $15,000.

The answer denies all the averments of negligence contained in the petition, and contains an affirmative defense of contributory negligence.

There was a trial to a jury, and a verdict of $6,500 for appellee, and appellant brings the cause here for review.

The evidence discloses that appellee went to his room on the fourth floor of the hotel about 10:30 P. M.; that he awoke about 3:30 A. M., and about five minutes thereafter he detected the odor of smoke; that he arose and turned on the electric light, opened the door, and took down the telephone receiver and asked the office where the fire was, but received no response; he then dressed and went to the elevator shaft, feeling his way along the walls; that the smoke was so thick he could not see the light in the hall; that when he reached the elevator it was not running, but he heard some one holler, "Take the stairway;" that he did not know the location of the stairway, and returned to his room, tried to telephone the office, but received no response, untangled the rope fire escape, threw it out of the window, and tried to go down hand over hand. He testified that he had looked over this fire escape the evening before, and commented to himself, "Well, in case of a fire, a fellow would have a fat chance of getting down on that rope, it is so thin;" that it was equipped with a metal piece to regulate the speed of descent, but that this metal piece would not work, and that he slid down the rope, finally landing on a platform below, and sustained the injuries of which he complains.

His wife and son testified that they visited the room the next morning, and that the rope was very thin. They describe it as being like "a window cord," and the son claims to have thrown the rope out of the window, and that it did not reach within several feet of the platform below, on which the appellee fell. Appellant offered in evidence a five-eighths inch hemp rope fire escape, equipped with a patented metallic appliance to facilitate its use; the rope being of sufficient length to reach from appellee's room to the landing below. Appellee denies that this is the rope fire escape which was in his room the night of the fire,

and on this question there is a direct conflict of the evi-
dence.

It is undisputed, that the smell of smoke was detected by
one of the employees in the hotel about 1:30 A. M., and
that later a guest called the attention of the night clerk
to the smell of smoke; that the clerk did nothing further
than to look into the cuspidor to see if paper, or some like
combustible matter, might be burning there. And this was
two hours before the appellee awoke to find the halls filled
with smoke. These facts, together with the testimony re-
lating to the fire gongs, fire escape, and the general con-
duct of appellant's agents, were all properly submitted to
the jury.

Exceptions are taken to the instructions of the court,
and it is insisted by appellant that no common law lia-
bility rests upon an innkeeper to protect his guests from
injury by fire, and that the act of 1883 relating to inn-
keepers contravenes both the state and federal constitu-
tions, in that it deprives the innkeeper of life, liberty and
property without due process of law. These points we do
not think are well taken. The weight of authority upholds
the doctrine of a common law liability. The hotel keeper
is under obligation to protect his guests from danger when
it is reasonably within his power so to do. *Clancy v.
Barker*, 71 Neb. 83. Section 3104, Rev. St. 1913, the act
complained of, reads as follows: "In hotels or lodging
houses containing more than fifty rooms, and being four or
more stories high, the proprietor or lessee of each hotel or
lodging house shall employ and keep at least one compe-
tent watchman, whose duty it shall be to keep watch and
guard in such hotel or lodging house against fire, and to
give warning in case a fire should break out. Such watch-
man shall be on duty between the hours of 9 o'clock P. M.
and 6 o'clock A. M., and in case of fire he shall instantly
awaken each guest and all other persons therein, and in-
form them of such fire. A large alarm bell or gong shall
be placed on each floor or story, to be used to alarm the
inmates of such hotel or lodging house in case of fire
therein. It shall be the duty of every proprietor, or keeper

of such hotel or lodging house, in case of fire therein to give notice of same to all guests and inmates thereof at once and to do all in their power to save such guests and inmates." This is sufficient to attach a civil liability to the innkeeper for negligence in not properly safeguarding his guest. While an innkeeper is not an insurer of the safety of his guest, yet he may not omit to do the things that are reasonably necessary for his safety and protection. 11 Am. & Eng. Ency. Law (1st ed.) 32. The law seems to be well settled that, when a statute commands or prohibits a thing for the benefit of a person, he shall have a remedy upon the same statute for the thing enacted for his benefit, or for a wrong done him contrary to its terms. But it must be affirmatively shown that the plaintiff suffered some injury in consequence of the failure of the defendant to comply with the statute, and that such injury resulted proximately from such failure. The fact that the statute does not in terms impose civil liability is immaterial. It is not necessary to the maintenance of an action that the statute so expressly provide. "The fact that the statute or ordinance in question does not in terms impose a civil liability for its violation does not affect evidence of its violation as going to show negligence." 21 Am. & Eng. Ency. Law (2d ed.) 483, and cases cited. *Wolf v. Smith,* 149 Ala. 457, 9 L. R. A. n. s. 338.

Exceptions were taken to the instructions given by the court; but the instructions appear to be based upon the evidence, and, taken as a whole, no prejudicial error is disclosed.

The question of contributory negligence was properly submitted. The jury were told that, if "failure of the plaintiff to exercise the care that a man of ordinary prudence would have exercised in the circumstances was the proximate cause of the alleged injury, then the defendant is not liable, * * * even though you might also find that the defendant was negligent in not discovering the fire earlier, or in not notifying the plaintiff promptly of its existence."

No complaint is made of the amount of recovery.· The issues appear to have been properly submitted to the jury,. and the judgment is

AFFIRMED.

FAWCETT and HAMER, JJ., not sitting.