WILLIAM H. WALKER, APPELLANT, v. A. THOMAS KLOPP,
APPELLEE.

FILED APRIL 29, 1916.    No. 18673.

1. Negligence: VIOLATION OF STATUTE: LIABILITY. The violation of a
   statute enacted for the protection of persons and their property
   constitutes negligence *per se*, and the violator may be required to
   respond in damages resultant, even though such statute be penal
   in its nature, and silent as to liability for damages resulting from
   its violation.

2. ———: MOTOR VEHICLES: OPERATION BY MINOR: LIABILITY OF OWN-
   ER. Section 3048, Rev. St. 1913, imposes upon owners, dealers in,
   and manufacturers of motor vehicles a public duty    to    refrain
   from permitting a person under 16 years of age, or an intoxicated
   person, to operate a motor vehicle; and when an owner of an auto-
   mobile permits his minor child, under the age of 16 years, to oper-
   ate his automobile, he is guilty of negligence, and is liable there-
   for, when the other elements of actionable negligence are present.

3. ———: ———: ———: PERMISSION OF OWNER: EVIDENCE. Evi-
   dence tending to prove that the defendant's minor son had fre-
   quently and for a long period of time previous to the accident, and
   after the accident, operated the defendant's automobile upon the
   streets of the city of Omaha, with the knowledge of and by permis-
   sion of the defendant, is competent as proof that at the time of
   the accident the defendant's said minor son was operating such
   automobile by permission of the defendant.

APPEAL from the district court for Douglas county:
CHARLES LESLIE, JUDGE. *Reversed.*

*McGilton, Gaines & Smith,* for appellant.

*Byron G. Burbank, contra.*

McGIRR, C.

The plaintiff brought this action to recover from the
defendant the sum of $6,000, as damages to the automobile
and person of the plaintiff, occasioned by the reckless driv-
ing of the defendant's automobile by his son, Lester Klopp,
a minor under 16 years of age. In his petition the plaintiff

alleged, in substance, that on September 20, 1913, he was driving his car toward the east on Underwood avenue, west of the village of Dundee, and that on said date Lester Klopp, a minor under 16 years of age, was driving defendant's car, with defendant's permission and consent, and negligently and recklessly, while driving said car at a speed exceeding 40 miles an hour, ran into the plaintiff and destroyed his automobile and permanently injured his person; that the damage to plaintiff's automobile was in the sum of $1,000, and that he suffered permanent physical injuries and was thereby damaged in the further sum of $5,000. The defendant by his answer admitted the ownership of the car, and that Lester Klopp, his son, was a minor, and denied each and every other allegation in plaintiff's petition contained. At the close of plaintiff's evidence the court, on motion, directed a verdict for the defendant. On the verdict of the jury, the court rendered judgment in favor of the defendant, and from this judgment the plaintiff appeals and asks that the judgment be reversed, on the ground that the trial court erred in directing a verdict for defendant.

The only question presented to this court for determination is whether or not the evidence is sufficient to sustain a judgment for the plaintiff. There is evidence that the defendant was the owner of a seven-passenger Olds automobile of 50-horse power; that, for a considerable period of time previous to the accident which caused the damage to the plaintiff and his property, Lester Klopp, the defendant's minor son, who was under the age of 16 years, had been driving the defendant's said automobile about the streets of Omaha, and upon other public highways, with the general permission, knowledge and consent of the defendant; that the defendant's attention had been called to the fact that, by permitting his said infant son to drive his automobile on the public highways, he was violating the law, and that he stated that he proposed to let his son drive his automobile anyway. At the time of the accident the plaintiff was driving his car toward the east on Underwood av-

enue, and had reached a point on the intersection of Underwood avenue with the boulevard which crosses Underwood avenue, and was going at a speed of eight miles an hour. There is evidence that the defendant's son was driving the defendant's car toward the north on the boulevard at a speed of about 45 miles an hour, and collided with the plaintiff's car on the intersection; that the plaintiff's car was almost entirely destroyed, and the plaintiff and a man who was riding with him were thrown out of the car upon the ground. There is also evidence that the defendant's son had frequently, and for a long period of time previous to the accident, and after the accident, driven the defendant's automobile upon the streets of the city of Omaha, with the knowledge and permission of the defendant. This evidence was competent as proof that at the time of the accident the defendant's minor son was operating and driving defendant's automobile with the consent of and by the permission of the defendant. If the defendant, by reason of having permitted his son, who was at the time under 16 years of age, to operate and drive his automobile upon the streets and public highways, is liable to the plaintiff for the damages so sustained by him, the trial court erred in directing a verdict for the defendant. The answer to this question involves a construction of section 3048, Rev. St. 1913, which provides as follows:

"It shall be unlawful for any person under sixteen years of age, or for any intoxicated person, to operate a motor vehicle, and any owner, dealer, or manufacturer of motor vehicles who permits a person under sixteen years of age, or an intoxicated person, to operate a motor vehicle shall be deemed guilty of a misdemeanor and shall be punished as hereinafter provided for violation of the provisions of this article."

Counsel for defendant contends that it is a fundamental principle that acts penal in themselves, that is, acts creating a misdemeanor or a crime, and providing punishment therefor, shall be strictly construed, and shall not be extended beyond the strict letter and spirit thereof; that,

had the legislature contemplated anything further than punishment by a fine or imprisonment, it would have so declared in the act, by adding thereto language clearly stating that damages would follow in favor of the injured person. With this contention we cannot agree. It has been frequently and most universally held by the courts that the violation of a statute, although penal in its nature, that provides that something shall be done, or shall not be done, for the benefit of individuals, or for the benefit and protection of individuals and the public generally, is negligence *per se,* and subjects the violator of the law to liability for damages caused by a violation of such statute or ordinance.

"As a general rule it may be said that negligence may consist in the neglect of some duty imposed by statute as well as by the careless or negligent performance of some obligation imposed by law or contract. Liability for damages because of the violation of a statute or ordinance imposing some duty on a person is not affected by the fact that it is made a misdemeanor, and the fact that the statute imposes a penalty for its violation will not prevent an action for damages. In many decisions it is held that a violation of a statute or ordinance specifically imposed under the police power of the state is negligence *per se,* or as matter of law, if the other elements of actionable negligence exist." 29 Cyc. 436.

In the case of *Omaha Street R. Co. v. Duvall,* 40 Neb. 29, this court held that, as applied to the liability of street railway companies whose cars are propelled by means of electricity, the following instruction was proper: "The violation of any statutory or valid municipal regulation established for the purpose of protecting persons or property from injury is of itself sufficient to prove such a breach of duty as will sustain a private action for negligence, if the other elements of actionable negligence concur. Thus, the violation of the statutes or ordinance regulating the speed of vehicles, horses, or trains or street cars, is such a breach of duty as may be made the foundation of an action

by any person belonging to the class intended to be protected by such regulation, provided, he is specially injured thereby."

In the case of *Frontier Steam Laundry Co. v. Connolly*, 72 Neb. 767, in the opinion by Judge Letton it is said: "If the duty imposed by the ordinance is clearly intended for the protection and for the benefit of individuals or of their property, the violation of the rule prescribed tends to show negligence for which a recovery may be had; but, where the duty is plainly for the benefit of the public at large, then the individual acquires no new rights by virtue of its enactment, and a violation of the rule is of no evidential value upon the question of negligence. It is not always easy to draw the line between the two classes of enactments. In fact, in some cases their purpose is both for the welfare of the public at large and also for the protection of the personal and property rights of individuals. In such case the individual may adduce the failure to perform the duty enjoined as evidence of negligence. The rule which is applicable can only be ascertained from a consideration of the object and purpose of the enactment itself in each particular case." See, also, *Strahl v. Miller*, 97 Neb. 820.

In the case of *Hayes v. Michigan C. R. Co.*, 111 U. S. 228, the supreme court of the United States held: "If a railroad company, which has been duly required by a municipal corporation to erect a fence upon the line of its road within the corporate limits, for the purpose of protecting against injury to persons, fails to do so, and an individual is injured by the engine or cars of the company in consequence, he may maintain an action against the company and recover, if he establishes that the accident was reasonably connected with the want of precaution as a cause, and that he was not guilty of contributory negligence."

In the case of *Anderson v. Settergren*, 100 Minn. 294, the supreme court of Minnesota, in construing a statute of that state which made it unlawful for a minor under the age of 14, not accompanied by parent or guardian, to have

possession or control of firearms, and made it a misde-
meanor to aid or knowingly permit a. minor of such age,
save in the excepted cases, to violate the same, held that a
complaint, in an action to recover damages, which alleged
that certain hardware merchants loaned a rifle and sold
cartridges to a minor known to be only 13 years of age,
and to be careless and negligent in the use of firearms, that
the minor began to shoot with the gun and cartridges in
every direction and damaged plaintiff, was not demurrable,
and that the defendant's wrong was in law the proximate
cause of the damage, despite the intervention of the minor.

The clear and unmistakable purpose of the legislature in
enacting the Nebraska statute under consideration was to
protect persons and property from the injury and damage
that experience had shown were more likely to be occa-
sioned by the driving of motor vehicles on the public high-
ways by minors under 16 years of age than would be occa-
sioned by the driving of motor vehicles by older persons of
more mature judgment; and, when a person wilfully per-
mits his minor child under the age of 16 years to drive his
automobile upon the public highways in direct violation of
this statute, such permission and such violation of the
statute constitutes in him such negligence as is by the di-
rect sequence of events the proximate cause of any dam-
age that may be sustained by another to his person or prop-
erty by the driving of such automobile by such minor, when
the other elements of actionable negligence are established.
The defendant cites a number of cases holding that the
owner of a motor vehicle, or other carriage, is not liable
for damages caused thereby, when such motor vehicle or
carriage is driven by some one other than the owner, unless
it be established that at the time the damage was occa-
sioned the relation of either master and servant or of prin-
cipal and agent existed between the owner and the driver,
and that the driver was at the time engaged on the business
of his master or principal. We readily agree that this is
good law when the damage is caused by the negligence or
carelessness of a servant or agent, and not primarily by

reason of the violation of a statute or ordinance by the master or principal. Neither the law of master and servant nor the law of principal and agent is applicable to the instant case. .When there is competent evidence of the defendant's negligence by reason of his wilful violation of the statute, and that the other elements of actionable negligence are concurrent, and also that the plaintiff has suffered some injury or sustained some damage by reason of such negligence on the part of the defendant, the case should be submitted to the jury. It therefore follows that the judgment of the district court should be reversed and the cause remanded for further proceedings.

BY .THE COURT. For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings, and this opinion is adopted by and made the opinion of the court.

REVERSED.