INGEBORG A. NIELSEN, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLANT.

4 N. W. (2d) 569

FILED JUNE 12, 1942. No. 31331.

*Brown, Crossman, West, Barton & Fitch,* for appellant.

*Ellick, Fitzgerald & Smith, contra.*

*T. F. Hamer, G. C. Holdrege* and *W. J. Schall, amici curiæ.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action brought by Ingeborg A. Nielsen, plaintiff, an unmarried woman 52 years of age, to recover from the Chicago, Burlington & Quincy Railroad Company, defendant, $3,000 in damages for personal injuries. For pre-

paid fare evidenced by a railroad ticket, defendant transported plaintiff as a passenger from Aurora to Omaha, June 27, 1940. Plaintiff alighted from the train at the station in Omaha, stepped onto an escalator from the floor level of the railroad track on her way up to the main floor of the station, lost her balance while the escalator was in motion, fell backward and injured her right hip and thigh. The foregoing facts are shown by the record without dispute. Negligence of defendant and resulting injury to plaintiff were not pleaded by her and were not issues in the case. Plaintiff bases her claim for damages on the following provisions of statute:

"Every railroad company shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the persons injured, or when the injury complained of shall be the violation of some express rule or regulation of such road actually brought to his or her notice." Comp. St. 1929, sec. 74-701.

The petition, pleading liability alone under this statute on the ground that plaintiff was injured by defendant "while being transported over its road," was attacked by demurrer which was overruled and by answer alleging that plaintiff, while riding on the escalator, was not being transported over defendant's road. The answer alleged further that plaintiff's injury, if any, was due to her violation of an express rule or regulation of defendant actually brought to her notice.

The trial court instructed the jury in part as follows:

"Since the evidence establishes without dispute that the plaintiff was a passenger of the defendant and in the use of the escalator was being transported over defendant's road to the depot floor of the railroad, the following statute of the state of Nebraska applies to this case:

"'Every railroad company shall be liable for all damages inflicted upon the person of passengers while being transported over its road, except in cases where the injury done arises from the criminal negligence of the persons injured,

or when the injury complained of shall be the violation of some express rule or regulation of such road actually brought to his or her notice.'

"Since no evidence of criminal negligence on the part of the plaintiff has been presented, that phase of the statute need not be considered by you, and therefore the burden of proof is as stated in the next following instructions. * * *

"The burden is upon the plaintiff to establish by a preponderance of the evidence the following propositions:

"1. That while ascending the escalator at the defendant's depot premises at the time mentioned in the petition the plaintiff was injured.

"2. The nature and extent of any such injuries and any loss consequent thereupon and the amount of the plaintiff's damages.

"If the plaintiff has so established all the foregoing numbered propositions, your verdict will be for the plaintiff, unless you find for the defendant on the next succeeding instruction. If the plaintiff has failed to establish any one of the foregoing numbered propositions by a preponderance of the evidence, or if the evidence is equally balanced on the subject, your verdict will be for the defendant. * * *

"The defendant claims that whatever injuries the plaintiff may have received, if any, were proximately caused by the violation of an express rule or regulation of the defendant railroad actually brought to plaintiff's notice, and the burden is upon the defendant to establish such claim by a preponderance of the evidence. If the defendant has so established the foregoing by a preponderance of the evidence then your verdict will be for the defendant."

The charge to the jury was clearly erroneous and prejudicial to defendant in stating as fact and law that the statute quoted applies to this case. The relative clause, "while being transported over its road," limits thereto the liability of the carrier for injury to a passenger. The word "road" in that clause means railroad as shown by the context. The liability of a common carrier as an insurer of the safety of its passengers under this statute goes beyond any liability

imposed by the common law and the restrictions for the protection of the insurer are as important as the terms imposing liability in absence of negligence. The following is a generally recognized rule applicable to statutes changing the common law:

"Statutes are not to be understood as effecting any change in the common law beyond that which is clearly indicated." 59 C. J. 1040.

Plaintiff's railroad ticket entitled her to safe transportation from Aurora to Omaha. Defendant performed that obligation. The court is not at liberty, in giving effect to the statute, to legislate into it a liability clearly beyond its terms. The injury on the escalator was not inflicted upon plaintiff while she was being transported over defendant's railroad from Aurora to Omaha. An escalator installed at a railroad station for the accommodation of persons entering or leaving trains is not the railroad or a part of the railroad over which passengers are transported, within the meaning of the statute. Plaintiff did not sue at common law to recover damages for personal injuries suffered by her as the result of defendant's negligence while she was on the escalator. There is no evidence that she was injured while being transported over defendant's railroad from Aurora to Omaha. Pleadings and proofs were insufficient to sustain a judgment in favor of plaintiff. There was therefore nothing to submit to the jury. The instructions permitting plaintiff to recover damages were erroneous. The judgment is reversed and the action dismissed.

REVERSED AND DISMISSED.