ESTHER FIMPLE, APPELLEE, v. ARCHER BALLROOM COMPANY OF NEBRASKA, A CORPORATION, APPELLANT.

35 N. W. 2d 680

Filed January 21, 1949.  No. 32476.

· *Dressler & Neely,* for appellant.

*Leonard A. Hammes* and *Frank L. Frost,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

Esther Fimple brought this action in the district court for Douglas County against the Archer Ballroom Company of Nebraska, a corporation. The purpose of the action is to recover damages for personal injuries which she suffered while a patron in attendance at a public dance in the Chermot Ballroom in Omaha, which was given and conducted by the defendant. The basis of the action is negligence. Plaintiff recovered a verdict and, from the overruling of its motion for new trial, defendant appeals.

Appellant's first contention is that no actionable negligence was shown. In considering this question we apply to the record the rule announced in Remmenga v. Selk, *ante* p. 401, 34 N. W. 2d 757, and discuss the facts accordingly. This rule is as follows: "In testing the sufficiency of evidence to support a verdict it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom."

It is admitted that the appellant operates the Chermot Ballroom located at Twenty-sixth and Farnam Streets in the city of Omaha and that on the evening of December 31, 1946, it gave and conducted a public dance therein.

A large crowd, approximately 1,500 people, attended the dance. A charge of $1.50 per person was made of everyone in attendance, including appellee. In addition to the dance floor the ballroom has booths which those in attendance may occupy. They are not reserved but are available to whoever occupies them first. The total seating space thus provided is somewhere between 1,200 and 1,300. These booths are generally constructed to accommodate four people, each booth consisting of a table and two benches, one on each side, with a partition wall in between. These partition walls are built so that when a patron is seated they come about to his shoulder.

The management had employees who served the patrons occupying these booths. For their convenience appellant sells, and these employees serve, bottled mix such as Coca Cola, Dr. Pepper, etc., together with glasses filled with ice.

A section of these booths is located east of the dance floor. That is the area herein involved. The booths in this area are located in tiers going up from the dance floor and running north and south.

Appellee, with her escort, came to the dance about 9 p. m. There they met another couple who, by previous arrangement, had gone to the dance earlier and had occupied a booth in the area east of the dance floor. At that time the booth immediately to the south of theirs was occupied by a group of four young men.

These four young men were former students of the same high school in Omaha. They had all been in the service but were discharged therefrom. On this occasion they were getting together to renew their friendships and to meet friends who might be attending the dance.

After appellee arrived she did not dance but continuously occupied a seat in their booth. The couple with them danced and would, from time to time, return to the booth. She and her friends ordered some soft drinks but did not spike these drinks. In fact, appellee had

not drunk any intoxicating liquor before she came to the dance nor did she drink any after getting there. About 10 p. m. her escort left their booth. However, she remained therein until about 10:30 p. m., when she was injured just as she was leaving. This incident will be more fully set forth hereinafter.

When appellee arrived at the booth she and her friends were going to occupy, the four young men in the booth immediately to the south of theirs were intoxicated. After her arrival this group continued to buy mix and ice and spike these drinks with liquor. When spiked they would either drink them themselves or give them to others. As time passed they became more intoxicated. They also became very boisterous in their conduct and language. This consisted of loud and profane language, scuffling among themselves and with others, breaking glasses, and, on one occasion, the throwing of a whisky bottle. Over this period, from 9 to 10:30 p. m., the conduct of these young men continuously became worse.

About 10:30 p. m. the appellee, being alone in her booth, started to leave. She got out of the booth but leaned over the table therein to pick up her purse. As she leaned over the table she was hit on the right side of her nose by a bottle. This bottle was either tossed or thrown by one of the young men in the booth immediately to the south. This blow caused serious injuries. Appellee was taken to a hospital. The young men left the ballroom shortly thereafter.

It is true that appellant's witnesses told quite a different story but it will not be necessary to here relate the facts they testified to as the conflict in the testimony was for the jurors and they decided it by their verdict.

With reference to the duty of proprietors of public places of amusement we have said: "One who operates a place of public amusement or entertainment is held to a stricter accountability for injuries to patrons than owners of private premises generally; he is not the in-

surer of the safety of patrons, but owes to them only what, under the particular circumstances, amounts to ordinary and reasonable care." Welsh v. Jefferson County Agricultural Society, 121 Neb. 166, 236 N. W. 331. See, also, Emery v. Midwest Amusement & Realty Co., 125 Neb. 54, 248 N. W. 804, and Hughes v. Coniglio, 147 Neb. 829, 25 N. W. 2d 405.

In the case of Hughes v. Coniglio, *supra,* we went on to say: "The proprietor of a place of business who holds it out to the public for entry for his business purposes is subject to liability to members of the public while upon the premises for such a purpose for bodily harm caused to them by the accidental, negligent, or harmful acts of third persons, if the proprietor by the exercise of reasonable care could have discovered that such acts were being done or were about to be done, and could have protected the members of the public by controlling the conduct of the third persons or by giving a warning adequate to enable them to avoid harm."

As stated in Southern Enterprises v. Marek, 68 S. W. 2d 384, and affirmed in Marek v. Southern Enterprises, 128 Tex. 377, 99 S. W. 2d 594: "* * * the defendant owed her the duty to exercise ordinary care to protect her from the wrongful acts of other patrons present provided defendant knew of such misconduct or had reasonable grounds to anticipate it."

And in Moone v. Smith, 6 Ga. App. 649, 65 S. E. 712: "This duty was to use ordinary care and diligence to protect the plaintiff, while he was in the defendants' place of business lawfully engaged, from injury,—injury either from the unsafe condition of the premises themselves, from their own conduct, or from that of their employees, or injury from any vicious or improper persons who were in the room either as customers or otherwise. The defendants had invited the plaintiff into their place of business, for his amusement and their benefit. The plaintiff had accepted the invitation of the defendants, and confided in their implied promise that

he would be protected while in this place of amusement controlled by them, in so far as they could protect him by the exercise of reasonable care and diligence."

And in Quinn v. Smith Co., 57 F. 2d 784: "* * * that proprietors of bathing pools owe to their patrons a duty to exercise due care, not only in providing a safe and proper place as such, but in policing and supervising the place to protect those coming there from wanton and unprovoked assault and injuries at the hands of other persons there."

See, also, Rowell v. City of Wichita, 162 Kan. 294, 176 P. 2d 590; Daniels v. Firm Amusement Corporation, 158 Misc. 251, 285 N. Y. S. 557; and 52 Am. Jur., Theaters, Shows, Exhibitions, Etc., § 52, p. 296.

Under these principles the facts of this case presented a question for the jury. The court, by its instructions, submitted this issue of fact to the jury on the basis of appellant's common-law duties.

However, the court, in its instruction No. 2 wherein it was defining to the jury the duties of the appellant, included the following as a part thereof: "The defendant and its servants were not insurers of the defendant's guests if someone was injured as the result of a patron or patrons of its amusement place being injured by intoxicated persons who might be attending the entertainment program unless upon notice or knowledge that some one who was boisterous and in an intoxicated condition they fail to take reasonable precautions to prevent such member present from injuring someone else." The court, in its instruction No. 5, correctly informed the jury that: "An operator of a place of public amusement is not an insurer of the safety of his patrons and those in attendance at a public dance on New Year's Eve, or at any other time, * * *." Nor does he become so, as provided in instruction No. 2, "* * * upon notice or knowledge that some one who was boisterous and in an intoxicated condition they fail to take reasonable precautions to prevent such member present from in-

juring someone else." The appellant could, of course, become liable if it failed to take ordinary and reasonable precautions to prevent such patrons from injuring someone else present, under the foregoing situation, provided such failure was a proximate cause of the injury, but it did not become an insurer by reason thereof as stated in instruction No. 2 given by the court.

Appellant contends that the appellee, by her petition, based her action on the appellant's violation of the provisions of a city ordinance relating to dance halls; that she proved her case accordingly; and that the trial court erred when it submitted the action to the jury on the basis of its duties at the common law.

In her petition appellee pleaded the following part of Ordinance No. 14924, Article VI, of the city of Omaha, relating to "Dance Halls": "It shall be unlawful for any person, maintaining or operating any public dance hall, or any person or association conducting or giving any public dance, * * * to permit persons to frequent any public dance hall or public dance who are under the influence of liquor, or to permit smoking, profanity, or boisterous conduct in said public dance halls, or public dances. * * * and it shall be unlawful for any person, having charge of or conducting any public dance halls or conducting any public dances, to permit any person to engage in any indecent or disorderly conduct or in any lewd or lascivious behavior in any public dance hall or at any public dance." She further alleged that what appellant did, of which she here complains, was "* * * all in violation of the ordinances of the City of Omaha." Upon the trial she offered, and the court admitted in evidence, that part of the ordinance pleaded.

With reference thereto we will first consider the appellant's contention that the ordinance cannot be made the basis of a suit for damages because it was enacted solely for the benefit of the city of Omaha and the public at large. In support thereof it cites our cases of Frontier Steam Laundry Co. v. Connolly, 72 Neb. 767, 101 N. W.

995, 68 L. R. A. 425, and Hanley v. Fireproof Building Co., 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382. In the case of Frontier Steam Laundry Co. v. Connolly, *supra,* we announced the rule as follows: "* * * where the duty is plainly for the benefit of the public at large, then the individual acquires no new rights by virtue of its enactment, and a violation of the rule is of no evidential value upon the question of negligence." However, the court went on to say: "It is not always easy to draw the line between the two classes of enactments. In fact, in some cases their purpose is both for the welfare of the public at large and also for the protection of the personal and property rights of individuals. In such case the individual may adduce the failure to perform the duty enjoined as evidence of negligence. The rule which is applicable can only be ascertained from a consideration of the object and purpose of the enactment itself in each particular case."

Without discussion of the actual situations involved in the two cases cited we think it is self-evident that the requirements of the aforesaid ordinance applies to both the public at large and to the individual patrons of the dance.

In Hoopes v. Creighton, 100 Neb. 510, 160 N. W. 742, L. R. A. 1917C 1146, Ann. Cas. 1917E 847, we held:

"The violation of any statutory or valid municipal regulation, established for the purpose of protecting persons or property from injury, is sufficient to prove such a breach of duty as will sustain a private action for negligence, if the other elements of actionable negligence concur. * * *

"The fact that the statute or ordinance in question does not in terms impose a civil liability for its violation does not affect such evidence of its violation as may go to show negligence."

And in Dorrance v. Omaha & C. B. St. Ry. Co., 105 Neb. 196, 180 N. W. 90, that: "* * * such a violation is evidence of negligence, which the jury are entitled to

consider upon the question whether actionable negligence existed, * * *."

"Violations of ordinances and traffic regulations promulgated by a city constitute evidence of negligence which a jury may properly consider along with all the other evidence and circumstances of the case in determining questions of negligence. Such violations are not negligence per se." Watson Bros. Transp. Co. v. Chicago, St. P., M. & O. Ry. Co., 147 Neb. 880, 25 N. W. 2d 396.

" 'As a general rule it may be said that negligence may consist in the neglect of some duty imposed by statute· as well as by the careless or negligent performance of some obligation imposed by law or contract. Liability for damages because of the violation of a statute or ordinance imposing some duty on a person is not affected by the fact that it is made a misdemeanor, and the fact that the statute imposes a penalty for its violation will not prevent an action for damages. * * *.' 29 Cyc. 436." Walker v. Klopp, 99 Neb. 794, 157 N. W. 962, L. R. A. 1916E 1292.

The rule as stated in Restatement, Torts, § 286, p. 752, is as follows:

"The violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for an invasion of an interest of another if:

" (a) the intent of the enactment is exclusively or in part to protect an interest of the other as an individual; and

" (b) the interest invaded is one which the enactment is intended to protect; and,

" (c) where the enactment is intended to protect an interest from a particular hazard, the invasion of the interests results from that hazard; and,

" (d) the violation is a legal cause of the invasion, and the other has not so conducted himself as to disable himself from maintaining an action."

. We find this contention of appellant to be without merit.

Having arrived at the conclusion that the requirements of the ordinance are for the benefit of the individual patron of the dance as well as the public at large, the next question that arises is whether or not, the case having been pleaded and tried thereunder, the court was in error in submitting it to the jury on the basis of the appellant's common-law duties.

Ordinarily the trial court should submit a case to the jury according to the theory upon which it is brought and tried. However, since the duties of the appellant, which appellee here claims appellant violated, were actionable both at the common law and under the ordinance it was not error for the court to submit the issues on either basis or both. But regardless of the basis upon which submitted, when an ordinance has been properly received in evidence, the court should instruct the jury as to the legal effect of any violation thereof in accordance with the principles hereinbefore set forth.

Appellant contends that appellee assumed the risk of which she here complains and cites as applicable to that contention cases involving the assumption of risk theory as applied to the batted or thrown ball in baseball. See, Emhardt v. Perry Stadium, Inc., 113 Ind. App. 197, 46 N. E. 2d 704; Ivory v. Cincinnati Baseball Club Co., 62 Ohio App. 514, 24 N. E. 2d 837; Hudson v. Kansas City Baseball Club, 349 Mo. 1215, 164 S. W. 2d 318; and Hummel v. Columbus Baseball Club, 71 Ohio App. 321, 49 N. E. 2d 773. Or as applied to the flying puck in hockey as to those in attendance who are familiar with the game. See Tite v. Omaha Coliseum Corporation, 144 Neb. 22, 12 N. W. 2d 90, 149 A. L. R. 1164.

The principle announced in those cases is not applicable to the situation here. The batted or thrown ball and the flying puck are incidents inherently characteristic of those games of which everyone familiar with and attending that type of sport is fully aware. However, we do

not think it can be said that the tossed or thrown bottle is an incident inherently characteristic of the activities of a crowd attending on the occasion of the ballroom sport of dancing of which anyone in attendance and familiar with dancing should in any way be aware, even though it be the occasion of a large gathering on New Year's Eve at a public dance. Appellee did not assume or incur this risk by becoming a patron of the dance. See Klause v. Nebraska State Board of Agriculture, *ante* p. 466, 35 N. W. 2d 104.

Appellant pleaded appellee's negligence and there is evidence in the record from which the jury could have found that the appellee was, by reason of her conduct, negligent.

"It is the duty of the court to instruct the jury upon the issues presented by the pleadings and the evidence, whether requested so to do or not." Hackbart v. Rohrig, 136 Neb. 825, 287 N. W. 665. See, also, In re Estate of Inda, 146 Neb. 179, 19 N. W. 2d 37; and Hansen v. Lawrence, 149 Neb. 26, 30 N. W. 2d 63.

This principle is applicable to the defense of contributory negligence for, as stated in McGrath v. Nugent, 133 Neb. 237, 274 N. W. 549: "It is error for trial court to fail to instruct on issue of contributory negligence when raised by the pleadings and supported by the evidence."

It is true that the court gave no instructions in the usual manner submitting the issue as to appellee's contributory negligence, if any, but did, by its instruction No. 4, submit the issue as to her conduct in inviting familiarities with these young men as a complete defense. This was in accordance with appellant's requested instruction No. 7 and more favorable than it was entitled to on this issue. Appellant is therefore in no position to complain that this was prejudicial to its rights.

However, by its requested instruction No. 8, the appellant also called to the court's attention the fact that appellee failed to warn appellant's employees of the condition of these young men, which had continued for

at least an hour and a half, and that she failed to withdraw to a position of safety.

There is evidence in the record that appellee had been a former employee of appellant and had worked in this ballroom as a waitress; that she was familiar with the various employees, their duties, and how the place was conducted; that she permitted the condition of the young men to develop without complaining thereof to the management; and that she failed to withdraw from the vicinity of the disturbance for at least an hour and a half.

While the instruction offered is not in proper form we have said: "If, as contended by counsel for defendant, the tendered instruction is defective in form, it was the duty of the court to prepare and give a proper instruction upon the point covered by the request. Pospisil v. Acton, 118 Neb. 200, 224 N. W. 11." Carlson v. Roberts, 133 Neb. 166, 274 N. W. 473.

We think what was said in Moone v. Smith, *supra,* is here applicable. The Georgia court therein said: "It is also insisted, that the allegations of the plaintiff show that the plaintiff himself might have avoided any injury, by the exercise of ordinary care and diligence; that, hearing and seeing that the men were drunk and fighting, it was his duty, if he reasonably apprehended danger therefrom, to leave the saloon. We are not prepared to hold that a person who is lawfully in a place of amusement or public entertainment is required to leave because of the unlawful, vicious, or dangerous conduct of other persons therein. He might be authorized to remain, relying upon the proprietor and his servants to quell the disturbance and to protect him from any hurtful consequences. The question ·of contributory negligence is peculiarly one for the jury; * * *."

We think, under the evidence as disclosed by the record, the failure of appellee to warn of the condition of which she was aware for at least an hour and a half and her failure to withdraw therefrom until the end of that time presented a question of fact for the jury as to

whether her conduct, in this regard, was negligent and, if so, whether or not it was a proximate cause of her injury. Having come to that conclusion, it was error for the trial court not to have submitted it under our statutory doctrine of comparative negligence and its failure to do so was prejudicial to the appellant's rights.

Since the matter must go back for retrial it should be mentioned that the question of appellee inviting familiarities with these young men should be submitted on the same basis.

Appellant complains of the admission of certain evidence relating to the sale of extra ice along with the bottles of mix and of evidence showing the construction of the tables in the booths, that is, that they were constructed with a shelf or drawer underneath. It associates misconduct of counsel in connection therewith. Appellant is not in position to complain of the admission of evidence establishing these facts for it offered evidence to the same effect. However, even if it had not, we do not think it was error to receive this evidence. Evidence establishing that mix and ice were being sold in this establishment on the evening in question and what actually was being done with it afterward by the parties buying it is competent to show how the place was being conducted. It was also competent to show what the particular patrons herein involved, during the period of time they were in the ballroom immediately before the incident occurred, were doing with the mix and ice they bought. Since the evidence was competent counsel had the right to question in regard thereto and misconduct could not arise from so doing.

Appellant complains of certain instructions given by the court and of others which it requested and the court refused to give. Most of these claimed errors are covered by the principles hereinbefore announced and further discussion thereof would serve no useful purpose.

" 'When instructions requested are substantially given in the charge prepared by the court on its own motion,

it is not error to refuse to repeat them, though expressed in language different from that used by the court.' Curry v. State, 5 Neb. 412." Spaulding v. Howard, 148 Neb. 496, 27 N. W. 2d 832.

The foregoing applies to requested instruction No. 3 insofar as it correctly states the law applicable.

Appellant, in referring to instruction No. 5½, says: "There was no obligation or requirement that the defendant was required to use ordinary. and reasonable care in the operation of the dance hall, * * *. On the contrary the Chermot management was in effect made liable as an insurer of the plaintiff's safety * * *."

Of course, "Instructions are to be considered together, to the end that they may be properly understood, and, when so construed, if as a whole they fairly state the law applicable to the issues presented by the pleadings and the evidence in support thereof, error cannot be predicated on the giving of the same." Wright v. Cameron, 148 Neb. 292, 27 N. W. 2d 226.

As to the latter part of the contention it was covered by instruction No. 5 given by the court. However, in view of our discussion of instruction No. 2 given by the court wherein it sought to define the appellant's duties, we are of the opinion that the instructions failed to properly inform the jury that the appellant's duty, under the circumstances here, amounted to exercising ordinary and reasonable care to prevent appellee's injury.

As to requested instruction No. 9 we do not think it correctly reflects the law here applicable.

Other errors assigned and complained of will not be discussed as they are not material in view of our holding herein.

For the reasons stated in the opinion we find the judgment of the trial court must be reversed, the verdict of the jury vacated, and the cause remanded for retrial. It is so ordered.

REVERSED AND REMANDED.

PAINE, J., not participating.