RALPH STRAUEL ET AL., APPELLANTS, V. BERNIE PETERSON, DOING BUSINESS AS OGALLALA LIVESTOCK COMMISSION COMPANY, APPELLEE.

52 N. W. 2d 307

Filed March 7, 1952. No. 33067.

*Torgeson, Halcomb & O'Brien,* for appellants.

*George B. Hastings,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This action was brought by the plaintiffs to recover

damages claimed to have resulted from the purchase of cattle infected with Bang's disease. Issues were made and trial was had resulting in a judgment for defendant. Plaintiffs appeal, assigning error in giving and failing to give instructions and in the admission of evidence. Defendant contends that plaintiffs have neither pleaded nor proved a cause of action and have no right of recovery, and that in any event the record is free of prejudicial error. We sustain the first of the above contentions and affirm the judgment of the trial court dismissing the action.

A demurrer by the defendant does not appear in the transcript. In his answer defendant alleged that the petition did not state facts sufficient to constitute a cause of action. The bill of exceptions shows that at the beginning of the trial this question was presented and the trial court overruled the demurrer. The parties have considered it as sufficient to raise the issue of the right of plaintiffs to recover damages based on an alleged violation of the statute and hence we determine it.

Plaintiffs alleged that defendant is an individual engaged in the operation of a livestock sales ring in Keith County under license from the Department of Agriculture and Inspection; that on February 1, 1950, defendant caused and completed the sale to plaintiffs of 26 Black Angus breeding cattle; that defendant represented that said cattle were brought into Nebraska from Colorado and such was the fact; that the cattle were not accompanied by the required Bang's disease certificate or official health certificate and did not enter under quarantine regulations, nor was there a health certificate of proof of vaccination on file with the department; that the cattle were released from the defendant's sales ring for intrastate shipment before the requirements of the state were complied with; that the cattle were infected with Bang's disease at the time of sale and plaintiffs did not know it; that plaintiffs had been advised before

purchase that the cattle had been imported from Colorado but that they did not know the law with reference to Bang's disease had not been complied with; and that plaintiffs offered to return the cattle and defendant refused to accept them.

Plaintiffs next alleged that the 26 cattle were placed with cattle in their herds. Plaintiffs alleged expenses involved in caring for the cattle and depreciation in their value. Plaintiffs further alleged that if the requirements of the statutes had been complied with, the diseased condition of the cattle would have been known and the cattle could not have been offered for sale as breeding cattle.

Plaintiffs then alleged that they had been damaged (1) as a proximate result of the entry of the cattle into the state without compliance with the law, (2) because the law was not complied with prior to the removal of the cattle from the sales ring, and (3) because the cattle were released from the sales ring for intrastate shipment without compliance with the law. Plaintiffs prayed for damages.

Plaintiffs state here that their case is based on a violation of the statutes and not upon a breach of warranty or fraud, and that, proving a violation of the statutes, the only issue for the jury was one of damages.

Plaintiffs particularly rely upon the alleged violation of sections 54-766, R. S. Supp., 1949, and 54-1123, R. S. 1943.

Section 54-766, R. S. Supp., 1949, provides in substance that dairy and breeding cattle entering the state from a foreign state or country must have come directly from Bang's disease certified herds, or have been tested for Bang's disease with negative results within 30 days prior to shipment into the state and be accompanied by a certificate, or such cattle may enter the state under quartine regulations and be tested within 30 days, or be accompanied by an official health certificate showing vaccination.

Section 54-1123, R. S. 1943, deals with the release of animals from a livestock sales ring after inspection, removal, or quarantine, and "No such livestock for interstate or intrastate shipment shall be released until all the requirements of the state of its destination shall have been complied with."

Plaintiffs rely on the rule stated in Johnson v. Weborg, 142 Neb. 516, 7 N. W. 2d 65, that "* * * a failure to perform a mandatory duty enjoined by statute is negligence per se, and if any person to whom the duty is owed, or for whose protection the statute is enacted, is injured in consequence of such violation a case is made."

Defendant relies on Frontier Steam Laundry Co. v. Connolly, 72 Neb. 767, 101 N. W. 995, 68 L. R. A. 425, wherein we said: "Wherever a statute or ordinance creates a duty or obligation, though it does not in express terms give a remedy, the remedy which is properly applicable to that obligation follows as an incident, but whether a liability arising from the breach of a duty prescribed by a statute or ordinance accrues for the benefit of an individual specially injured thereby, or whether such liability is exclusively of a public character, must depend upon the nature of the duty enjoined and the benefits to be derived from its performance. * * * If the duty imposed by the ordinance is clearly intended for the protection and for the benefit of individuals or of their property, the violation of the rule prescribed tends to show negligence for which a recovery may be had; but where the duty is plainly for the benefit of the public at large, then the individual acquires no new rights by virtue of its enactment, and a violation of the rule is of no evidential value upon the question of negligence. It is not always easy to draw the line between the two classes of enactments. In fact, in some cases their purpose is both for the welfare of the public at large and also for the protection of the personal and property rights of individuals. In such case the individual may adduce the failure to perform the duty en-

joined as evidence of negligence. The rule which is applicable can only be ascertained from a consideration of the object and purpose of the enactment itself in each particular case." See, also, Hanley v. Fireproof Building Co., 107 Neb. 544, 186 N. W. 534, 24 A. L. R. 382; 65 C. J. S., Negligence, § 19, p. 425; 38 Am. Jur., Negligence, § 164, p. 834; 50 Am. Jur., Statutes, § 585, p. 580.

The Bang's Disease Act was first passed by the Legislature in 1939. Laws 1939, c. 68, p. 278. It was amended in 1941 (Laws 1941, c. 114, p. 444); in 1945 (Laws 1945, c. 131, p. 414); and in 1949 (Laws 1949, c. 172, p. 452). The provisions of the act, sections 54-764, 54-764.01, and 54-766, R. S. Supp., 1949, and 54-765, R. S. 1943, must be construed together. We find nothing in the original act or in any of the amending acts which shows a legislative intent to create a civil liability for a violation of the act upon which a right of action for damages to an individual can be based. The act is clearly a health regulation recognizing the economic dangers to the cattle industry from the presence of Bang's disease in the herds of this state and the health dangers to the people of this state from diseases having their source in Bang's disease infected cattle. The act undertakes to secure three results: (1) The eradication of the disease from the herds of this state; (2) compensation in some measure to the owners of condemned diseased animals; and (3) the prevention of dairy and breeding animals afflicted with the disease entering the state. The 1945 Legislature (section 54-764.01, R. S. Supp., 1949) stated the purpose, in part at least, as "For the protection and promotion of the cattle industry in Nebraska" and "the control and eradication of Bang's disease." It undertakes to accomplish these purposes, referred to in the section last above cited as a "program," through the orderly processes of administration of the act by the Department of Agriculture and Inspection.

We find in the act no such provision as was before the court in Schrank v. Philibeck, 251 Wis. 546, 30 N. W.

2d 233, where the statute provided that any person, corporation, or common carrier shall be liable for all damages caused to any livestock for evasion or failure to comply with the requirements of the act. Nor is there in the act such a provision as was before the court in Martin v. Sheely, 144 F. 2d 754, where the statute made it illegal to own, have in possession, sell, transfer, transport, drive, or convey livestock infected with Bang's disease from one section of the Territory of Alaska to another. We do not find in our act any provisions of a similar nature. It is recognized that it is not necessary to the maintenance of an action that the statute so expressly provide. Strahl v. Miller, 97 Neb. 820, 151 N. W. 952, Ann. Cas. 1917A 141. We find nothing in the act upon which a finding of such a legislative intent can be based.

The rule is: " 'Statutes are not to be understood as affecting any change in the common law beyond that which is clearly indicated.' " Nielsen v. Chicago, B. & Q. R. R. Co., 141 Neb. 584, 4 N. W. 2d 569. See Zimmerer v. Prudential Ins. Co., 150 Neb. 351, 34 N. W. 2d 750. Such statutes are to be strictly construed in favor of persons sought to be subjected to their operation. See, also, 59 C. J., Statutes, § 668, p. 1129; 50 Am. Jur., Statutes, § 402, p. 425; Campbell v. Youngson, 80 Neb. 322, 114 N. W. 415; Bank of Commerce & Savings v. Randell, 107 Neb. 332, 186 N. W. 70, 21 A. L. R. 1360; Leon v. Kitchen Bros. Hotel Co., 134 Neb. 137, 277 N. W. 823, 115 A. L. R. 1078.

It necessarily follows that under the statutes involved no right of action accrues to an individual injured by a violation of the act.

Accordingly we affirm the judgment of the trial court dismissing the action.

AFFIRMED.

WENKE, J., dissenting.

I dissent from the rule announced by the majority opinion as applicable to the statutes involved. The

rule which is applicable in each case must be ascertained from a consideration of the objects and purposes of the statute or statutes being considered but when a statute creates a duty, though it does not in express terms give a remedy, the remedy which is properly applicable to that obligation follows as an incident thereto.

To me the nature of the duties here imposed and the benefits to be derived from their performance applies to the herds of individual owners of cattle, as well as to the entire cattle industry and the public at large. As stated in Frontier Steam Laundry Co. v. Connolly, 72 Neb. 767, 101 N. W. 995, 68 L. R. A. 425, cited in the majority opinion: "* * * in some cases their purpose is both for the welfare of the public at large and also for the protection of the personal and property rights of individuals. In such case the individual may adduce the failure to perform the duty enjoined as evidence of negligence." For a more extended discussion see Fimple v. Archer Ballroom Co., 150 Neb. 681, 35 N. W. 2d 680.

YEAGER and CHAPPELL, JJ., join in this dissent.